**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:08CV442-T-02
(1:05CR31-2-T)**

| | |
|---|---|
| **MARTINEOUS LEON HOPPER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, filed September 15, 2008; and on the Government's Answer, filed May 1, 2009. For the reasons stated herein, Petitioner's motion will be granted to the extent that his criminal judgment will be vacated and he will be resentenced.

## I. PROCEDURAL HISTORY

On April 4, 2005, Petitioner and three other individuals were charged with conspiracy to possess with the intent to distribute 50 grams or more of

cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); and Petitioner was charged with two counts of possessing at least five grams of cocaine base, or aiding and abetting in that offense, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts Seven and Nine). **Bill of Indictment, filed April 4, 2005**.

Subsequently, Petitioner entered into a written plea agreement with the Government whereby he agreed to plead guilty to Count One in exchange for the dismissal of Counts Seven and Nine. **Plea Agreement, filed July 7, 2005**. Petitioner's plea agreement also contained his stipulation that "[t]he amount of cocaine base that was known to or reasonably foreseeable by [Petitioner] was at least 35 grams but less than 50 grams." *Id.* **at 2**. Furthermore, the plea agreement also states that, notwithstanding any recommendations concerning Petitioner's offense level, if the Probation Office determined from his criminal history that Petitioner was a career offender, then that provision would be applied to his sentence. *Id.* **at 2-3**. Additionally, the plea agreement contains a waiver by which Petitioner forfeited his right to contest his conviction and/or sentence in any proceeding on any grounds, except ineffective assistance of counsel and/or prosecutorial misconduct. *Id.* **at 5**.

On July 12, 2005, Petitioner appeared before the Magistrate Judge with one of his two retained attorneys and formally entered his guilty plea. During that proceeding, the Magistrate Judge engaged Petitioner in the Court's standard, lengthy plea colloquy pursuant to Rule 11 to ensure that his guilty plea was knowingly and voluntarily made and entered. **Transcript of Plea and Rule 11 Hearing, filed September 11, 2006.** Based on that colloquy, the Magistrate Judge found that his guilty plea was intelligently and freely made and that he understood the charge, penalties and consequences of his plea. ***Id.* at 27-28; *see also* Rule 11 Inquiry and Order of Acceptance of Plea, filed July 12, 2005, at 9.** Accordingly, the Magistrate Judge accepted Petitioner's guilty plea.

On March 7, 2006, Petitioner's second retained attorney submitted objections to Petitioner's presentence report to the U.S. Probation Officer. **Addendum to the Presentence Report, dated March 9, 2006**. Pertinent here, counsel argued that Petitioner could not be sentenced as a career offender because he had neither the number nor kind of prior convictions that would trigger application of the subject provision. More specifically, counsel argued that Petitioner had only one qualifying conviction and, in any event, that a jury, not the Court, had to make the factual

determinations concerning whether any of the prior convictions were of a type that subjected Petitioner to career offender status as required by *Shepard v. United States*, 544 U.S. 13 (2005).

On April 25, 2006, the undersigned conducted a factual basis and sentencing hearing. At the outset of that proceeding, the Court sustained Petitioner's objection to a managerial enhancement and reduced his offense level by two points. **Transcript of Sentencing Hearing, filed April 21, 2009, at 4-5; Presentence Investigation Report, prepared January 26, 2006, ¶ 43**. However, the Court overruled Petitioner's objections to being sentenced as a career offender. **Transcript, at 14-15**. Thereafter, the Court adopted the balance of the Report's calculations, namely, that pursuant to U.S. Sentencing Guidelines § 4B1.1(b)(A), Petitioner's base offense level was 37 and with the three-point reduction for acceptance of responsibility, his total offense level was 34; that pursuant to the same provision of the Guidelines, his criminal history category was VI; and that his advisory Guidelines sentencing range was 262 to 327 months imprisonment. ***Id*. at 18; Presentence Report, ¶¶ 46, 49, 68, 111**. After considering defense counsel's request for a sentence at the low end of the calculated range, the Court sentenced Petitioner to a

term of 262 months imprisonment.  **Judgment in a Criminal Case, filed May 15, 2006.**

Petitioner timely appealed his case to the Fourth Circuit Court of Appeals.  However, by a mandate issued on April 16, 2007, the Circuit granted the Government's motion to dismiss and summarily dismissed Petitioner's appeal.  ***United States v. Hopper,*** **No. 06-4470 (4th Cir. March 23, 2007)**.  On October 1, 2007, the United States Supreme Court denied Petitioner's petition for a writ of *certiorari*.  ***Hopper v. United States*, 128 S. Ct. 167 (2007)**.

In his timely filed motion to vacate, Petitioner raises a single, but multi-pronged claim, arguing that he was subjected to ineffective assistance of counsel at sentencing by virtue of his trial attorneys' failure to "familiarize [themselves] with the career offender statute for sentencing," and by their failure "to object to a sentence under § 841(b)(1)(A) when in fact [he] pleaded guilty to § 841(b)(1)(B) with a[n] amount of 35 grams but less than 50 grams of cocaine base"; and that he was subjected to ineffective assistance of counsel on appeal by virtue of his appellate attorney's failure to raise the foregoing alleged instances of ineffectiveness

by sentencing counsel.  **Motion to Vacate, filed September 15, 2008, at 5**.

On May 1, 2009, the Government filed an answer to Petitioner's motion in which it concedes that his offense level was calculated erroneously, resulting in a sentence in excess of the lawful term, and that his attorneys were ineffective for having failed to contest that calculation. **Government's Answer to Petitioner's Motion to Vacate Sentence, filed May 1, 2009, at 3-4.**  As the Government explains, Petitioner was charged with having been involved with at least 50 grams of cocaine base.  ***Id*. at 1.**  However, in the plea agreement, the Government and Petitioner stipulated that he was responsible for "at least 35 grams but less than 50 grams of cocaine base," thereby reducing his sentencing exposure from a statutory term of 10 years up to a maximum of life imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii)  down to a minimum of 5 but no more than 40 years imprisonment under § 841(b)(1)(B)(iii).  Therefore, once Petitioner was classified as a career offender, his sentence should have been calculated using U.S. Sentencing Guidelines § 4B1.1(b)(B), which corresponds to a statutory maximum term of 40 years and provides a base offense level of

34, rather than § 4B1.1(b)(A), which corresponds to a statutory maximum term of life imprisonment and provides a base offense level of 37.

Further, the Government asserts, in light of the fact that Petitioner was sentenced to a term at the low end of the erroneously calculated sentencing range, there is a reasonable probability that had his range been properly calculated (at 188 to 235 months), he would have received a lower sentence than was imposed. *Id.* **at 3-4.** Therefore, the Government suggests that the Court vacate Petitioner's sentence and resentence him under the correctly calculated range. *Id.* **at 4.**

### III.  DISCUSSION

Petitioner's motion is based on an error made in his sentencing guidelines calculations that was not discovered by any one, including Petitioner's attorneys, at the time of his sentencing.  In order to establish that his attorneys' failure to challenge this error violated his Sixth Amendment right to effective counsel, Petitioner must show that (i) his attorneys' performances were, under all circumstances, unreasonable under prevailing professional norms, and (ii) there is a reasonable

possibility that, but for counsels' error, a different result would have obtained.  ***Strickland v. Washington,*** **466 U.S. 668, 687 (1984)**.

In the instant case, Petitioner was charged with having conspired to traffic in an amount of cocaine base which, upon conviction, would have exposed him to a minimum of 10 years up to a maximum of life imprisonment.  However, Petitioner essentially pled guilty to a lesser included offense.

Under the U.S. Sentencing Guidelines, courts are directed to base career offender calculations on a defendant's statutory exposure.  By virtue of his plea agreement, Petitioner's statutory maximum term was 40 years.  Therefore, Petitioner's sentence should have been calculated under § 4B1.1(b)(B)  (corresponding to a statutory term of "25 years or more" but less than life imprisonment), which would have provided a base offense level of 34.  After applying the three-level reduction for acceptance of responsibility, Petitioner's total offense level should have been calculated at 31.  Applying that total offense level with a criminal history category of VI, his corresponding range of imprisonment should have been 188 to 235 months.

Consequently, the Court finds, as Petitioner contends and the Government concedes, that defense counsel were prejudicially ineffective for having failed to object to Petitioner's erroneous sentencing calculations. ***See Smith v. United States*, 871 F. Supp. 251, 255-56 (E.D. Va. 1994) (relief in the form of resentencing was granted on a § 2255 motion due to trial counsel's ineffectiveness for failing to object at sentencing to the use of two excludable misdemeanor convictions in defendant's criminal history computations)**. To their credit however, the Court recalls that defense counsel intently focused on whether or not Petitioner was found to be a career offender, not whether such career offender calculations were accurate. However, that fact is of little comfort to Petitioner inasmuch as counsels' failures to raise this particular issue resulted in Petitioner erroneously receiving a sentence which was 27 months greater than the maximum term to which he otherwise should have been subjected.

Finally, the Court's review of this record has revealed no factors which warrant an upward departure or variance to the 262-month sentence which was imposed erroneously, or to any other term beyond the recommended range as properly calculated. Therefore, the Court

concludes that Petitioner's sentence must be vacated, and he must be resentenced within the correctly calculated sentencing range.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **GRANTED** as outlined in the Judgment filed herewith.

Signed: May 27, 2009

Lacy H. Thornburg
United States District Judge